FRITZ A. ANKERSMIT AND ANOTHER, APPELLANTS, v.
JOHN D. BLUXOME AND OTHERS, RESPONDENTS.

*Evidence to contradict the testimony of a witness as to prior statements made by him —
evidence which is relevant to the issue, cannot be given in rebuttal.*

Upon the trial of this action, brought by the plaintiffs to recover possession of some
tobacco alleged to have been obtained by the defendants' assignor, by false and
fraudulent representations as to his solvency, one of the plaintiffs offered evi-
dence tending to show the making of certain representations by the purchaser as to
his solvency, to the seller of the goods, and to Dun's Mercantile Agency, and the
falsity of such representations, and the making, in December, 1885, of a general
assignment to the defendants, and certain other facts. The purchaser, who was
called by the assignee, admitted the purchase, but denied the making of the
representations attempted to be proved by the plaintiffs, and on his cross-
examination denied having made, at a time named, any statement to certain
gentlemen named from whom he had purchased goods. Thereafter the plaintiffs
put on the stand the creditors, to whom it was claimed the purchaser had made
the statements, and offered to prove that he had made statements to them, for
the purpose of contradicting him.

*Held,* that the court did not err in rejecting the evidence upon the ground that it
was not in rebuttal. (DANIELS, J., dissenting.)

That while the plaintiffs, in an action of this character, had the right to prove
contemporaneous frauds for the purpose of showing the intent with which the
purchaser made the representations to the seller of the goods in question, and

---

the evidence offered would have been entirely competent for that purpose had it been offered as part of the plaintiffs' original case, such evidence was not in rebuttal, nor did it tend to impeach the purchaser any more than, in any case, any evidence upon the main issue at variance with the evidence of a witness may be said to tend to impeach his testimony.

APPEAL from a judgment entered upon a verdict in favor of the defendants, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*George H. Forster,* for the appellants.

*Seaman & Spader,* for the respondents.

VAN BRUNT, P. J.:

This action was brought to recover possession of twelve bales of Sumatra tobacco, the possession of which was alleged to have been obtained by the defendants' assignor by false and fraudulent representations as to his solvency. The answer was a denial of the fraud.

The plaintiffs, in support of the plaintiffs' claim, proved the sale of the goods in September, 1885, offered evidence tending to show the making of some representations by the purchaser as to his solvency, to the seller of the goods and to Dun's Mercantile Agency, and the falsity of such representations if made and proved; the making in December, 1885, of a general assignment for the benefit of creditors, by the purchaser to the defendants; and offered in evidence the schedules of assets and liabilities filed pursuant to law, and a confession of judgment made by the purchaser to his wife, and rested.

A motion was made to dismiss the complaint and denied. The defendants then put upon the stand, as a witness in their behalf, Mr. Moeller, the purchaser of the goods, who admitted the purchase but denied making the representations attempted to be proved by the plaintiffs. Upon cross-examination he denied having made, in August or September, 1885, any statements to certain gentlemen named from whom he had purchased goods. After offering some additional proof the defendants rested. Thereupon the plaintiffs put upon the stand the creditors to whom it was claimed the purchaser had made statements, and to whom his attention has been called upon his cross-examination, and offered to prove that he had also made statements to them as to his condition, for the purpose of

contradicting him, which evidence was objected to upon the ground, among others, that it was not in rebuttal, which objection was sustained, and as to this ruling the plaintiffs duly excepted.

The jury having found a verdict for the defendants, and a motion having been made for a new trial and denied, from the judgment and order thereupon entered the plaintiffs have taken this appeal.

The main ground for a reversal of the judgment rests upon the exceptions taken to the ruling above mentioned. There is no doubt but that the plaintiffs, in an action of this character, has the right to prove contemporaneous frauds for the purpose of showing the intent with which the purchaser made the representations to the seller of the goods in question; and that the evidence offered would have been entirely competent for that purpose had it been offered as part of the plaintiffs' original case, but such evidence was not in rebuttal, nor did it tend to impeach the purchaser any more than, in any case, any evidence upon the main issue at variance with the evidence of a witness may be said to tend to impeach his testimony.

The issue of fraudulent intent was the one upon which this evidence was relevant, and it was only upon this issue that it could be introduced. If this is not so, then the evidence was collateral; and, in respect thereto, the plaintiffs were bound by the answer of the witness. Being relevant testimony, applicable to one of the issues which the plaintiffs were compelled to establish by affirmative evidence before they rested their case, they were bound, before resting, to introduce all their evidence upon this subject, and not merely make out a *prima facie* case and then introduce additional evidence upon the issue after the defendants have rested.

The court might, in its discretion, have admitted the evidence, and it probably would not have been error, of which the defendants could take advantage, to have done so, but the court believed that the rule should be adhered to, and in this we think that it was clearly right. But it is claimed that the evidence was offered for the distinct purpose of impeaching Moeller's credit as a witness, and that as the questions asked of Moeller were not collateral, therefore the plaintiffs were not bound by his answer. The evidence was clearly not collateral to the main issue, and it is because of this very fact that the plaintiffs were bound to introduce all their evidence in the first instance. The declarations of Moeller as to his condition, made with intent to

induce credit, were evidence in chief and could have been offered even if Moeller had never been examined as a witness or questioned in respect thereto.

The cases cited by the learned counsel for the appellants in respect to the method of procedure to be taken, where it is desired to contradict a witness by proving declarations which are inconsistent with his testimony and which he denies having made, all relate to declarations which could not have been offered in evidence until the person making the declarations had been put upon the stand and had given evidence upon the issues, which declarations tended to contradict or weaken the evidence given, and therefore have no bearing upon those cases where the declarations are admissible as evidence in chief entirely independent of the fact as to whether the declarator has been or will be a witness. We think, therefore, that the question of reopening the case to permit this evidence to be introduced was within the direction of the trial judge, and we see no reason for interfering with it. Neither can we interfere with the verdict of the jury, upon the ground that it was against the evidence. There was charge and denial, the jury had the witnesses before them, and if they chose to believe the defendants they had the right to do so and we cannot say that they were manifestly wrong.

The judgment and order appealed from should be affirmed, with costs.

BRADY, J., concurred.

DANIELS, J., dissenting.

The intent of the purchaser of the tobacco to defraud the plaintiffs in obtaining it was a material fact to be proved, before a recovery of the property could be secured by them. Evidence of like false representations made by the purchaser to other persons at or near the time of the purchase from the plaintiffs, to induce sales from them to him, was material and admissible as proof of that fraudulent intent. And being evidence as to a material fact within the issue, the plaintiffs were entitled to ask the purchaser who was sworn and examined as a witness for the defendant on the trial, whether he had made such statements. He was so interrogated, and in each instance denied the making of the statement including such alleged false representations. To contradict him, and in that

manner impeach him as a witness, the plaintiffs afterwards proposed to prove his denials to be untrue ; and that they were not permitted to do.

The rule of evidence which permits the party against whom a witness may be sworn and examined, to interrogate him concerning statements he may have made as to a material fact in issue, and upon his denying the statements allowing proof by way of impeachment, is not denied. But it was held at the trial not to extend so far as to include proof of facts admissible as part of the plaintiff's case. The rule, however, has been subjected to no such qualification. All that has been required is that the inquiry as to statements made shall relate to a material fact in controversy, and when it does, there, the right to impeach the witness, by proof of the statement denied by him, is allowed. And when so given it is not to add to or make out the plaintiff's case, but only to impeach the witness denying the making of the statements; and that the plaintiffs failed to give the same evidence to promote or sustain their case, does not on principle seem to be any obstacle preventing them from using it after the witness has been called against them by way of discrediting his statements. The proof was admissible for a two-fold object. As to the first, the plaintiffs had lost their right to introduce it. But as to the second, which only arose after Moeller had been cross-examined, their right was unimpaired, and that was to impeach him in this manner as a witness. They might very well rest on their own evidence in presenting their case. But after he was examined a new feature was presented, and that was the effect his testimony was to have with the jury, and that the law permitted them to avoid by proving his contradictory statements, to establish that his denials were untrue, and his evidence unworthy of reliance. For these reasons it is concluded that the judgment ought to be reversed and a new trial directed.

Judgment affirmed, with costs.